IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ /s/ _____ D.C.

05 JUL 28 PM 3:31

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| ULYSSES A. JACKSON, | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2289-Ma/P |
| VON MITCHELL, | X | |
| Defendant. | X | |

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER OF PARTIAL DISMISSAL
AND
ORDER DIRECTING PLAINTIFF TO AMEND COMPLAINT

Plaintiff, Ulysses A. Jackson, has filed a complaint and motion to proceed in forma pauperis under 28 U.S.C. § 1915(a). The motion to proceed in forma pauperis is GRANTED. The Clerk of Court is ORDERED to file the case and to record the defendant as Von Mitchell.[1] The Clerk shall not issue process in this case.

Plaintiff filed his complaint on a form for violations under Title VII of the Civil Rights Act of 1964. He attached a copy of a charge of discrimination filed on May 27, 2004. Plaintiff alleges that he sustained a work injury and the defendant failed to pay his medical bills or damages.

---

[1] The Clerk has recorded the defendant as the United States Postal Service(USPS). Plaintiff did not name the USPS as a defendant. The Clerk is ORDERED to delete any reference to the USPS as a defendant and to record Von Mitchell as the defendant.

The administrative remedies before the United States Department of Labor (DOL) under the Federal Employees Compensation Act (FECA), ch. 458, 39 Stat. 742 (codified as amended in scattered sections of 5 U.S.C. and 18 U.S.C.) are the exclusive remedy for a federal employee who suffers an on-the-job injury. Jackson does not attach a copy of any DOL decision which shows he has ever sought relief for any on-the-job injury. Even had he sought such relief, however, the FECA administrative remedy precludes judicial review. See 5 U.S.C. §§ 8116(c), 8128(b); McDaniel v. United States, 970 F.2d 194, 196-98 (6th Cir. 1992)(FECA remedy preempts Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 and precludes judicial review); Jones v. Tennessee Valley Authority, 948 F.2d 258, 265 (6th Cir. 1991); Underwood v. United States Postal Service 742 F. Supp. 968, 970 (M.D. Tenn. 1990).

There is an exception to the general prohibition against judicial review of FECA claims in cases where the Secretary of Labor, individually or through the actions of his subordinates in the Department of Labor, violated a claimant's constitutional rights or exceeded the scope of the congressional mandate. Owens v. Brock, 860 F.2d 1363, 1367 (6th Cir. 1988). This exception, however, is not implicated here. Jackson has not alleged that he used the administrative proceedings available to him and has not raised any claim against the DOL or the Secretary of Labor.

2

To the extent that Jackson seeks to raise a claim of discrimination, rather than lack of compensation for a work-related injury, his claim is governed by federal statutes relating to illegal discrimination in the workplace. Plaintiff has named Von Mitchell as the defendant. The only proper defendant in an employment discrimination lawsuit by an employee of a federal agency is the person who is the head of that agency. See, e.g., Hancock v. Egger, 848 F.2d 87, 89 (6th Cir. 1988); Golyar v. McCausland, 738 F. Supp. 1090, 1095 (W.D. Mich. 1990). Accordingly, plaintiff has no claim against Von Mitchell.

Any claims against Von Mitchell lack an arguable basis either in law or in fact and are, therefore, DISMISSED as frivolous. See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Forty-two U.S.C. § 2000e-16 is the exclusive remedy for discrimination on the basis of race. Brown v. General Services Admin., 425 U.S. 820 (1976). The Rehabilitation Act, 29 U.S.C. §§ 791, 794a, is the exclusive remedy for handicapped discrimination in federal employment. Johnston v. Horne, 875 F.2d 1415, 1420-21 (9th Cir. 1989); Boyd v. United States Postal Serv., 752 F.2d 410, 413 (9th Cir. 1985). Cf. Hall v. United States Postal Serv., 857 F.2d 1073 (6th Cir. 1988)(noting that the plaintiff did not dispute district court's dismissal of state law claims on basis that Rehabilitation Act is the sole remedy for federal employees); Smith

3

v. United States Postal Serv., 766 F.2d 205, 207 n.2 (6th Cir. 1985)(same); Smith v. United States Postal Serv., 742 F.2d 257, 259-60 (6th Cir. 1984)(holding that Act requires exhaustion regardless of whether plaintiff invokes remedy under § 791 or § 794).

Insofar as plaintiff is suing under the various federal equal employment laws, exhaustion of administrative remedies is a prerequisite to the filing of his employment discrimination case. See generally Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982); Williams, 983 F.2d at 180; Parsons v. Yellow Freight Systems, Inc., 741 F.2d 871 (6th Cir. 1984). Plaintiff's exhibit, the charge of discrimination filed on May 27, 2005, does not demonstrate that plaintiff has exhausted his remedies under either Title VII or the Rehabilitation Act.

Plaintiff has at this point failed to state a cause of action that would warrant an service of his complaint. He is therefore directed to amend his complaint to name the proper defendant and to show he has exhausted his administrative remedies and filed this complaint within ninety days of receiving a final agency decision. The amendment must be typed or hand-printed on 8 ½ by 11 inch paper, one side to a sheet. The plaintiff must personally sign the amendment. Plaintiff must also attach any supporting documents which demonstrate exhaustion of administrative remedies and that this complaint was filed within the time limits prescribed by law.

4

Plaintiff must file an amended complaint within twenty (20) days of the docketing of this order. A failure to timely comply with any requirement of this order will result in the dismissal of any claim for which the plaintiff fails to respond or of the complaint in its entirety.

IT IS SO ORDERED this 28th day of July, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02289 was distributed by fax, mail, or direct printing on July 29, 2005 to the parties listed.

---

Ulysses A Jackson
4543 Hudgins
Apt 1
Memphis, TN 38116

Honorable Samuel Mays
US DISTRICT COURT